FILED
SUPERIOR COURT
OF GUAM

2025 MAR 24  PM 4: 29

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ELI CHARFAUROS QUINTANILLA,<br><br>Petitioner,<br><br>v.<br><br>ALLEN BORJA, in his capacity as Warden of the Department of Corrections, ALBERTO C. LAMORENA III, in his capacity as Presiding Judge of the Superior Court of Guam, ASSISTANT ATTORNEY GENERAL LETA J. WOMACK, and ALTERNATE PUBLIC DEFENDER PETER J. SANTOS,<br><br>Respondents. | SPECIAL PROCEEDINGS NO. SP0162-24<br><br><br><br>**DECISION AND ORDER**<br>*PETITION FOR WRIT OF HABEAS CORPUS* |

## INTRODUCTION

This matter comes before the Honorable Arthur R. Barcinas for review of Petitioner Eli Charfauros Quintanilla's ("Petitioner") February 18, 2025 Response. The Response was filed pursuant to the Court's January 30, 2025 Order to amend Petitioner's Petition for Writ of *Habeas Corpus* ("Petition") to comply with the procedural requirements of 8 GCA § 135.14 by February 28, 2025. Petitioner Eli Charfauros Quintanilla ("Petitioner") is *pro se*. Upon review of the Response, the Petition is hereby **DENIED**.

## BACKGROUND

Petitioner brought the Petition on November 18, 2024, based on events in Criminal Case No. CF0298-23, in which Petitioner is the Defendant. Petitioner was indicted on charges of

Theft by Receiving Stolen Property (as a 2nd Degree Felony) and Possession of a Schedule II Controlled Substance (as a 3rd Degree Felony) following a traffic stop and arrest on April 28, 2023. The stop was initiated by Guam Police Department ("GPD") Officer Christopher Champion after observing Petitioner driving with defective headlights and an expired registration tag. After making the stop, Officer Champion ran a search on the vehicle and found that it was reported stolen. Officer Champion then arrested Petitioner, after which he searched the vehicle and discovered a bag containing Petitioner's identification and what he suspected was methamphetamine.

On April 29, 2023, the Honorable Jonathan R. Quan placed Petitioner under house arrest as part of a pre-trial conditional release. On June 15, 2023, Probation filed a violation report, stating that Petitioner had failed to abide by the house arrest order. On July 5, 2023, an arraignment hearing was held, at which Petitioner did not appear. On July 7, 2023, the Honorable Benjamin C. Sison issued a Bench Warrant for Petitioner's arrest.

On May 16, 2024, Petitioner was arrested by Superior Court marshals and appeared for a return of warrant hearing before Magistrate Sison, who committed Petitioner to the Department of Corrections ("DOC"). On June 12, 2024, Petitioner filed a "motion to dismiss," alleging that Officer Champion's April 28, 2023 search was improper and that Petitioner's later arrest on May 16, 2024 was conducted "without being served a warrant." On August 9, 2024, the Honorable Alberto C. Lamorena III held a hearing on Petitioner's "motion to dismiss," which Presiding Judge Lamorena found was actually a Motion to Suppress.

On October 7, 2024, Presiding Judge Lamorena issued a Decision and Order denying the Motion to Suppress, finding that Officer Champion's search was legal and that Petitioner was properly arrested pursuant to an outstanding warrant.

On November 18, 2024, Petitioner filed this Petition for *Habeas Corpus,* alleging or re-alleging the following:

1) Officer Champion allegedly arrested Petitioner on April 28, 2023 pursuant to an unreasonable and improper search and seizure;

2) Petitioner was allegedly arrested by Superior Court marshals without warrant;

3) Petitioner was brought before Magistrate Quan for arraignment on June 10, 2024, "twenty-five (25) days from his arrest without warrant previously mentioned";

4) Petitioner filed a Writ of Mandamus before the Supreme Court on or around August 2, 2024, alleging all of the above and claiming that his pretrial confinement had violated his right to due process.

5) On or around August 9, 2024, "during yet another dismissal hearing ordered by Judge Lamorena, A BENCH TRIAL[sic] was held rather than what was scheduled to be a dismissal hearing concerning the pro-se[sic] motion ... filed on 06/12/24." Pet., at 3. Petitioner gives no reason as to why he believed that the hearing on his "motion to dismiss" was a bench trial.

6) Petitioner asserts that he was awaiting a verdict of said "bench trial" above and alleges that Judge Lamorena left the bench and never returned to issue a verdict, allegedly leaving Petitioner "without a scheduled hearing for the verdict, and without due process of law, life, liberty, or property, nor a fair trial." *Id.*, at 4.

On January 30, 2025, the Court issued its Order stating that Petitioner had not complied with the procedural requirements to file an application for writ of *habeas corpus* under 8 GCA § 135.14. Specifically, the Court found that Petitioner had failed to verify the application, that

Petitioner had not sufficiently provided prior application information, and that no service had been provided to the Attorney General pursuant to statute.

On February 18, 2025, Petitioner filed the Response, arguing that he had met the verification and prior application information requirements, and did not deny that he had not provided notice to the Attorney General, but only mentioned briefly that "the Attorney General is a respondent" before requesting appointment of counsel to litigate the Petition. Regarding the verification requirement, Petitioner argues at the beginning of his Response that he "attested under penalty of perjury all information communicated to be true and correct, signed and dated." Resp., at 1. Regarding the prior application requirement, Petitioner argues that he had "applied all corresponding case numbers. Representing all prior applications regarding the same unlawful detention or restraint, and As information." *Id.*, at 2 (sic).

## DISCUSSION

I.      Petition for Writ of Habeas Corpus

Petitioner seeks a writ of habeas corpus based on the above allegations, and Petitioner argues in his response that he has fulfilled the verification and prior application requirements of 8 GCA § 135.14. Even if the Court were to accept Petitioner's argument and grant leniency regarding the two above requirements on the basis that he is *pro se*, Petitioner still has not given sufficient indication that he has complied with the notice requirement by February 28, 2025 as ordered by the Court.

Guam law provides that "[e]very person unlawfully imprisoned or restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment or restraint." 8 GCA § 135.10. The law further provides that

[e]very application for a writ of habeas corpus shall be verified, and shall state whether any prior application has been made for a writ in regard to the same detention or restraint complained of in the application, and if any such prior application has been made the latter application shall contain a brief statement of all proceedings had therein, to and including the final order made therein, on appeal or otherwise. Whenever the person applying for a writ of habeas corpus is held in custody or restraint by any officer of this Territory or by any peace officer of this Territory, a copy of the application for such writ shall in all cases be served upon the Attorney General at least 24 hours before the time at which said writ is made returnable and no application for such writ can heard without proof of such service in cases where such service is required."

*Id.* § 135.14.

Upon the Court's review, the Petition fails both procedurally and substantively. Procedurally, the Court finds that Petitioner has not provided sufficient proof that he has served the Attorney General with a copy of the Petition. 8 GCA § 135.14 provides that a copy of the Petition "shall in all cases be served upon the Attorney General at least 24 hours before the time at which said writ is made returnable and <u>no application for such writ can be heard without proof of such service in cases where such service is required</u>." Petitioner seems to argue that the Office of the Attorney General was given notice because it is listed as a respondent to the Petition. However, that is not service, nor does it provide proof of such. Thus, the Court cannot even begin its analysis of this matter because no proof of such service has been provided.

Substantively, even if the Court were to hear the petition, Petitioner has provided no legal support for his allegations but instead seems to merely seek a second bite of the apple by largely repeating to the Court his previously failed arguments made before Presiding Judge Lamorena, and then alleging without evidence that Presiding Judge Lamorena did not properly perform his duties. Moreover, as he did before Presiding Judge Lamorena, Petitioner still does not provide any explanation, legal or otherwise, as to why Officer Champion's search was allegedly improper, or how his arrest is "warrantless" when it is based on a documented

outstanding warrant, or why a hearing on his improperly captioned motion would be considered a "bench trial" at which Presiding Judge Lamorena was required to rule on a verdict.

Regarding the allegedly illegal stop, the record shows that Officer Champion initiated his stop of Petitioner's vehicle after observing the vehicle had defective headlights and an expired registration." CF0298-23, *People v. Quintanilla*, Hearing Tr., at 11:29:00-11:31:00 (Aug. 9, 2024). Officer Champion determined, after searching the GPD stolen vehicle database, that Petitioner's vehicle was reported stolen. *Id.* at 11:35:30. This gave him probable cause to believe Petitioner had stolen the vehicle, legally justifying the arrest of Petitioner. "[P]robable cause exists where under the totality of the circumstances known to the officer, a prudent person would have concluded that there was a fair probability that the suspect had committed or was committing a crime." *U.S. v. Noster*, 590 F.3d 624, 629-30 (9th Cir. 2009). While it is true that Officer Champion conducted a warrantless search of the vehicle and Petitioner's bag, the search was incidental to his arrest of Petitioner, and the Court agrees with Presiding Judge Lamorena's determination that the methamphetamine found during Officer Champion's search of the bag was admissible because warrantless searches are allowed if the searches are incident to lawful custodial arrests. *See Arizona v. Gant*, 556 U.S. 332, 343, 351 (2009).

Regarding Petitioner's allegation that he was arrested by marshals on May 18, 2024 without warrant, the record in CF0298-23 clearly shows that a summons was issued to secure Petitioner's appearance at his July 5, 2023 arraignment hearing for violation of his house arrest. The record further shows that Petitioner failed to appear at that hearing, which authorized Magistrate Sison to issue a bench warrant for Petitioner's arrest on July 7, 2023. The Court thus finds that Petitioner was arrested on May 18, 2024 pursuant to that outstanding warrant, refuting Petitioner's claims that the arrest was "warrantless."

The Court finds that Petitioner's claims for violation of due process are also baseless because (1) Petitioner was committed after his arrest for failure to comply with his pre-trial conditions, and the ensuing confinement was therefore valid; and (2) Petitioner's characterization of the "bench trial" was incorrect, as it was merely a hearing on Petitioner's *pro se* "motion to dismiss" and thus Petitioner was not entitled to any verdict.

## CONCLUSION

For the reasons set forth above, the Court finds that the Petitioner's Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS SO ORDERED** ___MAR 2 4 2025___.


_____
**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**